IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACKIE and BRITNEY IRVING,

    Plaintiffs,

v.                                          CASE NO.:  6:20-cv-1889-Orl-40EJK

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.

_____/

## COUNTERCLAIM

USAA General Indemnity Company (hereinafter "USAA") hereby files this Counterclaim against Jackie and Britney Irving (hereinafter "the Irvings") and in support thereof states the following:

### PARTIES

1.    Counterclaimant USAA is a Texas corporation with its principal place of business in San Antonio, Texas.  USAA is authorized to conduct business in Florida.

2.    Counterclaim Defendants Jackie and Britney Irving are residents of the State of Florida.

### JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court because diversity of citizenship exists between the parties pursuant to 28 USC §1332(a)(1).  Further, because this Court has jurisdiction over the Irvings' claims against USAA, it also has jurisdiction over the Counterclaim being pursued by USAA against the Irvings.

4.  Venue is appropriate in this Court pursuant to this provisions of 28 USC §1391(a) and (c) because the Counterclaim Defendants reside in this district. Further, this action seeks damages in regards to a fire loss which occurred in this district.

## FACTUAL ALLEGATIONS

5.  USAA issued a homeowners policy to the Irvings. The USAA homeowners policy is attached as Exhibit A to the Plaintiffs' Complaint herein. USAA also issued an auto policy to the Irvings. The USAA auto policy is attached as Exhibit B to the Plaintiffs' Complaint herein. On or about October 20, 2019, a fire occurred at the Irvings' residence located in Seminole County, Florida. The fire began in an automobile owned by the Irvings which was parked in the garage of their home. The fire spread causing damages to the home and its contents. This included smoke and related damages. As a result of the fire, the Irvings presented a claim for damage under both the USAA homeowners policy and the USAA auto policy.

6.  The Irvings represented to USAA the fire was caused by the actions of third parties and that the Irvings bore no responsibility for the fire damages. USAA investigated the fire, including taking statements of the Irvings and investigating the cause and origin of the fire. During USAA's investigation, the Irvings misrepresented the factual circumstances surrounding the fire. Additionally, they made inconsistent and contradictory statements in regards to the presentation of the claim. The homeowners policy issued by USAA to the Irvings contains a provision specifically providing if the insured after an occurrence of a loss intentionally conceals a fact or circumstance, engages in fraudulent conduct, or makes false statements relating to the presentation of a

claim, coverage does not exist under the policy for the claim. The auto policy contains similar language providing that there is no coverage under the policy if any insured person who has knowingly concealed or misrepresented any material fact or circumstance in connection with the presentation or settlement of a claim. Because the insureds provided false and contradictory information relating to the claim, there is no coverage under either of the policies. USAA's denial letters reflecting the policy language and the denial of the claims are attached as Exhibits C and D to the Plaintiffs' Complaint herein.

7. Further, both the USAA policies contain provisions specifically providing there is no coverage for any intentional loss committed by any insured. Mrs. Irving and/or Mr. Irving were involved in setting the fire which caused the damage. Thus, there is no coverage due to the intentional acts exclusions contained within the policies. USAA's denial letters based on the intentional acts exclusions, including the exact language in the policy provisions, is set forth in USAA's denial letters which are attached as Exhibits C and D to the Plaintiffs' Complaint herein.

8. As a result of the claim under the policies and the Irvings' misrepresentations as to the facts and circumstances of the loss, USAA made payments under the policies totaling $74,744.68. Specifically, $8,712.33 was paid under the auto policy for rental car reimbursement charges. Under the homeowners policy, four payments were made, these specifically being as follows:

    a.    A $2,000.00 initial payment to the Irvings for the loss;

    b.    $12,537.74 paid for alternative living expenses;

    c.    An additional $43,548.72 paid for alternative living expenses; and

      d.      $7,945.89 paid to clean/repair items damaged in the fire.

USAA made these payments on the understanding the fire was caused by third parties and the Irvings were being truthful and accurately disclosing the circumstances and events related to the fire. As indicated above, however, the Irvings did not properly cooperate with the investigation, failed to provide USAA with information requested, provided contradictory statements, and generally misrepresented the facts and circumstances relating to the cause of the fire. Further, one or more of the Irvings was involved in the circumstances leading to the fire. Thus, USAA made these payments when it was not actually legally required that USAA make the payments, since there is no coverage under the policies for the claim.

## COUNT I – CLAIM FOR BREACH OF CONTRACT

9. This is an action for breach of contract against Jackie Irving and Britney Irving.

10. Paragraphs 1 through 8 above are incorporated herein by reference.

11. The Irvings breached their contract with USAA based on the wrongdoings outlined above. As a result of the Irvings' wrongdoing, USAA made payments totaling $74,744.68 under the policies when said monies were not owed. Because the Irvings breached the contract, USAA is entitled to be repaid the amounts it paid.

12. It is thereby requested this Court enter a judgment against the Irvings in the amount of $74,744.68. USAA additionally requests an award of costs related to this Counterclaim. USAA additionally requests any relief this Court deems fair and equitable in regards to its Counterclaim.

## COUNT II – CLAIM FOR UNJUST ENRICHMENT

13. Paragraphs 1 through 8 above are incorporated herein by reference.

14. By making the payments of $74,744.68 to the Irvings, USAA conferred a benefit to the Irvings.

15. The Irvings appreciated the benefits because they received the benefit of the monies.

16. Allowing the Irvings to retain the benefit of the amounts paid by USAA would be inequitable and unfair, since there is in fact no coverage under the USAA policy for this loss for all reasons stated above.

17. Therefore, USAA is entitled to make recovery against the Irvings pursuant to the doctrine of unjust enrichment.

18. USAA therefore requests that this Court enter judgment against the Irvings in the amount of $74,744.68.  USAA also requests an award of its costs related to this Counterclaim.  USAA additionally requests any relief this Court may deem fair and equitable in regards to its claims for unjust enrichment.

I HEREBY CERTIFY that on December 9, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: David J. Pettinato, Esq., Law Offices of David Pettinato, LLC, 1000 West Cass Street, Tampa, FL 33606 (dpettinato@pettinatolaw.com; admin@pettinatolaw.com).

    s/Chris Ballentine
CHRIS BALLENTINE, ESQ.
Florida Bar No. 434205
JOSEPH L. AMOS, JR., ESQ.
Florida Bar No. 856230
Fisher Rushmer, P.A.
Post Office Box 3753
Orlando, FL  32802-3753
Tel:  407-843-2111 / Fax:  407-422-1080
Primary E-Mail:  cballentine@fisherlawfirm.com
Secondary E-Mail:  dburns@fisherlawfirm.com
Primary E-Mail:  jamos@fisherlawfirm.com
Secondary E-Mail:  askees@fisherlawfirm.com

ATTORNEYS FOR DEFENDANT

L:\CMB\Irving\PLEADING\Counterclaim.docx