UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACKIE and BRITNEY IRVING,

    Plaintiffs,

vs.

                                 Case No.: 6:20-cv-1889-Orl-40EJK

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.
_____/

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiffs, JACKIE AND BRITNEY IRVING, by and through the undersigned counsel, hereby answers each allegation in Defendant's Counterclaim filed December 9, 2020 and responds as follows:

## PARTIES

1.    Admitted that Defendant appears to be authorized to conduct business in Florida. The Plaintiffs lack the knowledge or information sufficient to from a belief about the truth of whether Defendant is a Texas corporation with its principal place of business is in San Antonio, Texas.

2.    Admitted.

## JURISDICTION AND VENUE

3.    Admitted.

4.    Admitted.

## FACTUAL ALLEGATIONS

5.     Admitted that Defendant issued a homeowner's policy to the Plaintiffs that provided coverage for accidental and/or fortuitous fires to insured property attached as Exhibit A to the Plaintiffs' Complaint.  Admitted that Defendant also issued an auto policy to the Plaintiffs attached as Exhibit B to the Plaintiffs' Complaint.  Admitted that on or about October 20, 2019, an accidental and/or fortuitous fire occurred at the Plaintiffs residence located 1021 West 25th Street, Sanford, Florida. Admitted that the accidental and/or fortuitous fire appears to have originated in an automobile owned by the Plaintiffs which was parked in the garage of their insured home.  Admitted that the accidental and/or fortuitous fire spread causing damages to the insured home and its contents, including smoke and ensuing damages.  Admitted that the Plaintiffs submitted an insurance claim for damage under both insurance policies.

6.     Admitted that Plaintiffs contended to the Defendant that they believed the fire was caused by the actions of third parties and that they were not involved in the setting of the fire.  Admitted that Defendant performed an outcome oriented and incomplete, nonobjective investigation of the fire, including conducting sworn statements under oath of the Plaintiffs.  Admitted that the homeowners policy contains a provision specifically providing if the Plaintiffs after an occurrence of a loss intentionally conceals a fact or circumstance, engages in fraudulent conduct, or makes false statements relating to the presentation of a claim, coverage may be denied.  Admitted that the auto policy contains similar language providing that there is no coverage under the policy if any insured person who has knowingly concealed or misrepresented any material fact or circumstance in

connection with the presentation or settlement of a claim. Admitted that Defendant's denial letters were attached as Exhibits C and D to the Plaintiffs' Complaint. All other allegations not admitted to, are herein expressly denied.

7. Admitted that the policies of insurance contain provisions specifically providing there is no coverage for any intentional loss committed by an insured. All other allegations not admitted to, are herein expressly denied.

8. Admitted that the Plaintiffs received some undisputed insurance benefits in the amount of $74,744.68, including $8,712.33 under the automobile policy for rental car reimbursements. Admitted that the following payments were tendered:

A. $2,000.00 initial payment to the Plaintiffs.

B. $12,537.74 paid for Alternative Living Expenses.

C. $43,548.72 paid for Alternative Living Expenses; and

D. $7,945.89 paid to clean/repair items damaged in the fire.

All other allegations not admitted to, are herein expressly denied.

## COUNT 1 – CLAIM FOR BREACH OF CONTRACT

9. Admitted.

10. As to paragraph 10, Plaintiffs' re-state their prior responses above.

11. Denied.

12. Denied.

## COUNT II – CLAIM FOR UNJUST ENRICHMENT

13. As to paragraph 13, Plaintiffs' re-state their prior responses above.

14. Admitted that Defendant tendered owed insurance benefits to the Plaintiffs

in the amount of $74,744.68. All other allegations not admitted to, are herein expressly denied.

15. Admitted.

16. Denied.

17. Denied.

18. Plaintiffs deny paragraph 18, as worded/phrased, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counter-Plaintiffs' Complaint fails in whole or in part to state a claim against Counter-Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Counter-Plaintiffs' Complaint is barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (RE: Contract of Adhesion)

Insurance contracts are contracts of adhesion. All insurance policies are contracts of adhesion and thus are subject to extremely close scrutiny. Since an insurance contract is a contract of adhesion it should be construed in the light most favorable to the insured.

### FOURTH AFFIRMATIVE DEFENSE
### (RE: Ambiguities construed in favor of Insured)

Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties, and ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy. In addition, where

the language is susceptible to two different interpretations, the interpretation sustaining coverage will be adopted. The resolution of a dispute regarding insurance coverage begins with a review of the plain language of the insurance policy as bargained for by the parties. The insurer, in preparing the language of its policy, has the burden of using language that is clear and precise. Where a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all illogical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured.

**FIFTH AFFIRMATIVE DEFENSE**
**(RE: Insurance Coverage is Construed Broadly,**
**Exclusions Even More Narrowly)**

Florida law is well settled that insuring or coverage clauses are construed in the broadest possible manner to affect the greatest extent of coverage. A contract of insurance is construed most strongly against the insurer and liberally in favor of the insured, particularly where the insurer seeks to deny coverage based upon a policy exclusion. Exceptions and exclusions to coverage must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage. In analyzing a contract of insurance, the court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs reserve the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or developed.

## CERTIFICATE OF SERVICE

I hereby certify that on **December 29, 2020**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I forwarded the foregoing document, ***Plaintiff's Answer to Defendant's Counterclaim,*** and the notice of electronic filing via electronic transmittal to:

Chris Ballentine, Esquire
Joseph L. Amos, Jr., Esquire
Fisher Rushmer, P.A.
Post Office Box 3753
Orlando, FL 32802-3753
cballentine@fisherlawfirm.com
dburns@fisherlawfirm.com
jamos@fisherlawfirm.com
askees@fisherlawfirm.com

*/s/ David J. Pettinato*
**DAVID J. PETTINATO, ESQUIRE**
Florida Bar Number: 062324
LAW OFFICES OF DAVID PETTINATO, LLC
1000 W. Cass Street
Tampa, Florida 33606
Telephone: (813) 943-9840
Fax: (813) 434-2291
Attorney for Plaintiffs
dpettinato@pettinatolaw.com
admin@pettinatolaw.com